**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Jury Demand |
| | ) | |
| CVS PHARMACY INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, SARAH SMITH ("Plaintiff"), by and through her undersigned counsel, and for a cause of action against Defendant, CVS PHARMACY INC., ("CVS" or "Defendant") alleges as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiff is alleging that Defendant discriminated against her on the basis of her gender and retaliated against her after she complained to leadership staff, thus violating her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") in connection with discrimination based on Plaintiff's sex.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because the action arises under Title VII.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this claim occurred in this District, and Defendant maintains its principal offices in this District.

### PARTIES

4. Plaintiff is a female resident of Illinois and a former employee of Defendant.

5. Defendant is a corporation organized under the laws of the State of Rhode Island, authorized to conduct business in Illinois, and maintaining substantial operations within this district.

## FACTUAL ALLEGATIONS

6. On or about October 4, 2021, Plaintiff began her employment with Defendant as Director, Enterprise Resiliency, overseeing a team of 13 employees responsible for Crisis Management and Business Continuity.

7. Plaintiff successfully expanded her role and responsibilities, creating high-functioning teams and improving operational organization with her department.

8. Throughout her employment, Plaintiff was subjected to disparate treatment, higher level of scrutiny, and discriminatory behavior by her superior and colleagues compared to her male counterparts.

9. Robert Eddy, former Executive Director of Corporate Security, repeatedly dismissed Plaintiff's professional ideas, made defamatory comments about her, including calling her a "power grabber," and contributed to a hostile work environment.

10. Plaintiff reported this behavior to Sean Gallagher and David Falkowski, but no corrective action was taken, perpetuating a hostile work environment in violation of Title VII.

11. In or around August 2022, Sean Gallagher acknowledged CVS's "good old boy" culture and its bias against qualified female employees, further demonstrating Defendant's failure to enforce anti-discrimination laws.

12. Plaintiff was assigned tasks typically handled by Corporate Security, but upon completion, these programs were reassigned to male-led teams, evidencing discriminatory practices.

13. In December 2022, Plaintiff was directed to provide administrative support to a colleague while on paid time off- tasks not required of similarly situated male employees.

14. Despite her accomplishments, Plaintiff received only a "meets expectations" rating in February 2023. However, Sean Gallagher recommended Plaintiff for an executive director promotion, revealing inconsistency and evidencing the discriminatory treatment.

15. After Gallagher's layoff in or around August 2023, Plaintiff was repeatedly passed over for promotions despite her qualifications, due to her gender.

16. In November 2023, Plaintiff's team member Justen Traxler dismissed Plaintiff's role in an email and yelled at her in front of witnesses.

17. Plaintiff consulted the problem with Colleague Relations and was recommended to issue a performance warning to Traxler, but as a result Plaintiff faced further scrutiny over the incident from Defendant.

18. In January 2024, Plaintiff was accused by Colleague Relations of laughing at inappropriate comments made by a colleague during a meeting, though she was unaware of the behavior until questioned by the investigator.

19. In February 2024, Plaintiff was summoned by Colleague Relations to discuss changes to the performance plan for Traxler, with insinuation of Plaintiff's culpability.

20. On February 26, 2024, Defendant terminated Plaintiff's employment citing pretextual reasons of poor judgment and lack of integrity, further evidencing the discriminatory and retaliatory conduct against Plaintiff.

21. The hostile work environment and retaliatory actions exacerbated Plaintiff pre-existing medical conditions, including Rheumatoid Arthritis and Lymphatic Colitis, causing severe stress and health deterioration.

## COUNT I

### Gender Discrimination In Violation of Title VII

22. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

23. Defendant discriminated against Plaintiff based on her gender, female, by subjecting her to disparate treatment, failing to promote her, and terminating her employment.

24. CVS and its agents made discriminatory comments against Plaintiff, including but not limited to alleging she is a "power grabber", undermining her position by making decisions that fell within her responsibilities, failing to promote her despite recommendations, falsely diminishing the documented performance reviews, and failing to take corrective actions after Plaintiff complained about discriminatory animus in workplace.

25. Similarly situated employees of Defendant, who were not female, were treated more favorably than Plaintiff.

26. Defendant's actions violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

27. As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered economic damages, emotional distress, and harm to her career and health.

## COUNT II

### Hostile Work Environment In Violation of Title VII

28. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

29. Defendant allowed and perpetuated a hostile work environment based on gender through discriminatory comments, dismissive conduct and failure to take corrective actions.

30. Defendant's agents voiced the policy of CVS and described it as "good old boy" culture.

31. Defendant's actions created an intolerable working environment, violating Plaintiff's rights under Title VII.

## COUNT III

### Retaliation In Violation of Title VII

32. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

4

33. Plaintiff engaged in protected activities, including reporting discrimination and harassment.

34. Defendant retaliated against Plaintiff by subjecting her to a higher level of scrutiny, undermining her authority, and ultimately terminating her employment for pretextual and false reasons.

35. Defendant's retaliatory actions constituted a violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiffs compensatory damages for lost wages, emotional distress, and reputational harm in an amount to be determined at trial;

C. Award Plaintiff punitive damages, as applicable, to punish and deter such willful and wanton conduct;

D. Award Plaintiff reasonable attorney's fees and costs;

E. Injunctive relief requiring Defendant to reinstate Plaintiff to her position

F. Grant such other and further relief as this Court deems just and proper.

Date: December 13, 2024             Respectfully submitted,

**Sarah Smith**

*/s/ Brad E. Karlin*
One of Plaintiff's Attorneys

Brad Evan Karlin #6307899
Karlin Legal LLC
2501 West Lawrence Ave., Suite H
Chicago, Illinois 60625
(312) 870-0043
bk.karlinlegal@gmail.com

>Joshua N. Karmel, #6340084
>The Karmel Law Firm
>20 South Clark Street, Suite 1720
>Chicago, Illinois 60603
>(312) 641-2910
>josh@karmellawfirm.com
>
>Attorneys for Plaintiff, Sarah Smith.